**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| BRISTOL-MEYERS SQUIBB COMPANY, CARRIER CORPORATION, CARLYLE AIR CONDITIONING COMPANY, INC., 6181 THOMPSON ROAD LLC, C&S ENGINEERS, INC., INDUSTRIAL TECHNOLOGIES AND SERVICES, LLC, GENERAL ELECTRIC COMPANY, HONEYWELL INTERNATIONAL INC., LOCKHEED MARTIN CORPORATION, MAGNA POWERTRAIN USA, INC., NATIONAL GRID USA, NEW PROCESS GEAR, INC., NIAGARA MOHAWK POWER CORPORATION, ONONDAGA POTTERY COMPANY, INC., and RTX CORPORATION, | Civil No. 5:25-cv-904 (DNH/ML) |
| Defendants. | |

---

The United States of America, by the authority of the Attorney General of the United States, acting on behalf of and the Regional Administrator of the U.S. Environmental Protection Agency ("EPA"), Region 2, alleges as follows:

**NATURE OF THE ACTION**

1.      In this action, the United States seeks, under section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") from the defendants in this action reimbursement of costs incurred by EPA for response actions at the Upper Ley Creek Subsite ("Site") of the Onondaga Lake Superfund Site.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action and over the defendants under 28 U.S.C. §§ 1331 and 1345 and section 113(b) of CERCLA, 42 U.S.C. § 9613(b).

3. Venue is proper in this judicial district for the claims pursuant to 28 U.S.C. § 1391(b) and section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

**DEFENDANTS**

4. Defendant Bristol-Myers Squibb Company is a Delaware corporation doing business in the State of New York, with offices at 430 East 29th Street, 14th Floor, New York, New York 10016. Bristol-Myers Squibb has owned and operated, since 1943, a laboratory and a manufacturing facility in the vicinity of, and adjacent to a stream that flows to, the Site.

5. Defendant Carrier Corporation is a Delaware corporation doing business in the State of New York, with offices at 6304 Carrier Parkway, East Syracuse, New York 13057. Carrier is a subsidiary of Defendant RTX Corporation. Carrier Corporation owns and operates a facility in the vicinity of, and adjacent to a stream that flows to, the Site at which it manufactures products associated with heating, ventilation, and air conditioning.

6. Defendant Carlyle Air Conditioning Company Inc. is a New York corporation with offices at 6304 Carrier Parkway, East Syracuse, New York 13057. Carlyle is a subsidiary of Carrier Corporation, a subsidiary of Defendant RTX Corporation. Carlyle has

owned and operated a facility in the vicinity of, and adjacent to a stream that flows to, the Site at which it manufactured air conditioning equipment, warm-air heating equipment, and commercial and industrial refrigeration equipment.

7. Defendant 6181 Thompson Road, LLC is a New York limited liability company with a designated service address of 7050 Cedarbay Road, Fayetteville, New York 13066. 6181 Thompson Road owns a parcel of property in the vicinity of, and adjacent to a stream that flows to, the Site at which Roth Brothers Smelting Corp. conducted industrial operations including secondary smelting and refining of non-ferrous and alloys. 6181 Thompson Road also owns a parcel of property in the vicinity of, and adjacent to a stream that flows to, the Site at which Hoffman Machinery manufactured garment press and laundry equipment.

8. Defendant C&S Engineers, Inc. is a New York corporation with offices at 499 Col. Eileen Collins Blvd, Syracuse, New York 13212. C&S Engineers is the successor to the Calocerinos and Spina partnership, which supervised, or otherwise arranged for dredging work in and around the Site on behalf of Onondaga County from the 1970s until about September 1980.

9. Defendant Industrial Technologies and Services, LLC is the successor to Gardner Denver, Inc. a Delaware corporation with offices at 222 East Erie Street, Suite 500, Milwaukee, Wisconsin 53202. Gardner Denver is a successor to Lamson Corporation, which owned and operated a facility at which it manufactured centrifugal blowers and exhausters. Gardner Denver also is a successor to Hoffman Air & Filtration Systems which owns and operates a facility at which it manufactures compressors, vacuums, blowers,

and petroleum pumps. Gardner Denver also is a successor to Oberdorfer Foundries, Inc. which owned and operated a foundry at which it manufactured cast brass, bronze, aluminum, and magnesium components for engine assemblies, and manufactured centrifugal pumps. Each of these three facilities is in the vicinity of, and adjacent to stream that flows to, the Site.

10. Defendant General Electric Company is a New York corporation with offices at 41 Farnsworth Street, Boston, Massachusetts 02210. General Electric owned and operated a facility on Court Street in the vicinity of, and adjacent to a stream that flows to, the Site at which it manufactured radar and sonar equipment.

11. Defendant Honeywell International Inc. is a Delaware corporation doing business in the State of New York, with offices at 115 Tabor Road, Morris Plains, New Jersey, 07960. Honeywell is a successor to Electric Auto-Lite Company and Eltra Corporation. Electric Auto-Lite and Eltra operated a facility in the vicinity of, and adjacent to a stream that flows to, the Site at which they manufactured spark plugs, automotive electronics equipment, small motors, small generators, and small electric appliances.

12. Defendant Lockheed Martin Corporation is a Maryland corporation doing business in the State of New York, with offices at 6801 Rockledge Dr., Bethesda, Maryland, 20817. Lockheed Martin is a successor to, and assumed liability for releases related to, GE's Court Street operations.

13. Defendant Magna Powertrain USA, Inc. is a Delaware corporation doing business in the State of New York, with offices at 1870 Technology Drive Troy, Michigan 48083. Magna Powertrain is a successor to the Chrysler Motors Corporation on New

Venture Gear Drive which is in the vicinity of, and adjacent to a stream that flowed to, the Site. At this facility Chrysler manufactured and Magna Powertrain manufactures aluminum, cast iron, and steel castings.

14. Defendant National Grid USA is a Delaware corporation doing business in the State of New York, with offices at 300 Erie Blvd West, Syracuse, New York 13202. National Grid operated an electrical substation adjacent to the Site.

15. Defendant New Process Gear, Inc. is a New York corporation with offices at 6600 New Venture Gear Drive, East Syracuse, New York, 13057. New Process Gear also is both a successor to Chrysler's operations on New Process Gear Drive. New Process Gear operated the facility there at which it manufactured aluminum, cast iron, and steel castings.

16. Defendant Niagara Mohawk Power Corporation is a New York corporation with offices at 300 Erie Blvd West, Syracuse, New York 13202. Niagara Mohawk operates an electrical substation adjacent to the Site.

17. Defendant Onondaga Pottery Company, Inc. is a New York corporation with offices at 300 Madison Avenue, Toledo, Ohio 43604.  Onondaga Pottery is the successor to Syracuse China, which owned and operated a facility adjacent to the Site at which it manufactured china products.

18. Defendant RTX Corporation is a Delaware corporation doing business in the State of New York, with its offices at 10 Farm Springs Road, Farmington, Connecticut 06032. RTX Corporation is the owner of Carrier Corporation and Carlyle Air Conditioning Company.

19. Each of the defendants is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## THE STATUTORY FRAMEWORK

20. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as "response actions." 42 U.S.C. §§ 9604(a), 9601(25).

21. Under section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1):

Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment . . .

22. For CERCLA response actions and enforcement purposes, the Administrator of EPA is the President's delegate, as provided in operative Executive Orders, and, within certain limits, the Regional Administrators of EPA have been re-delegated this authority. In EPA Region 2, this authority has been further delegated to the Director of the Superfund and Emergency Response Division.

23. Under section 106 of CERCLA, 42 U.S.C. § 9606:

[W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a

6

facility, he may secure such relief as may be necessary to abate such danger or threat …

24. Under sections 107(a)(2) and (3) of CERCLA, 42 U.S.C. §§ 9607(a)(2) and (3):

[A]ny person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of [and] any person who by contract, agreement, or otherwise arranged for disposal … of hazardous substances owned or possessed by such person … at any facility … owned or operated by another party or entity and containing such hazardous substances … shall be liable for … all costs of removal or remedial action incurred by the United States Government … not inconsistent with the national contingency plan …

25. Under section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the court shall enter a declaratory judgment on liability for response costs that will be binding on any subsequent action or actions to recover further response costs.

## GENERAL ALLEGATIONS

26. The Site is located in Salina and Dewitt, Onondaga County, New York.

27. In about 1970-71, a predecessor of C&S Engineers, Inc. supervised a flood control project for Ley Creek which involved the dredging of creek sediments that contained polychlorinated biphenyls ("PCBs"), a CERCLA hazardous substance, and the spreading of these contaminated sediments onto the creek's banks.

28. Each of the other 14 defendants in this matter used transformers that contained PCB oils in their operations, where such PCB oils spilled onto their plant soils, and then were transported via adjacent creeks or ditches to the Site.

29. The Site is contaminated with PCBs.

30. PCBs are "hazardous substances" within the meaning of section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

31.	In December 1994, EPA placed the Site on the National Priorities List, 40 C.F.R. Part 300, Appendix B ("NPL"), which is a national list of hazardous waste sites posing a threat to human health and welfare and the environment. The NPL was established pursuant to Section 105(a)(8)(B) of CERCLA, 42 U.S.C. § 9605(a)(8)(B).

32.	EPA has conducted response actions and incurred costs regarding the Site. In 2015, EPA issued a "Record of Decision" ("ROD") in which it selected a remedy to be conducted at the Site. In September 2022 and April 2023, EPA issued two "Explanations of Significant Differences" in which it modified the remedy selected in the 2015 ROD.

## Claim for Relief – Recovery of Past Costs

33.	Paragraphs 1 to 32 are realleged and incorporated herein by reference.

34.	The Site is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

35.	There have been releases, within the meaning of section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases, of hazardous substances, within the meaning of section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14), at or from the Site.

36.	The United States has incurred costs of response, within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25), to respond to the releases or threatened releases of hazardous substances at the Site.

37.	The United States' response actions at the Site are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

38.	 Each defendant is within or is a successor to a person who is or was within, one or more of the classes of liable persons described in Section 107(a) of CERCLA, 42

U.S.C. § 9607(a), with respect to a facility from which there have been releases or threatened releases of hazardous substances to the Site.

39. Pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), the defendants are jointly and severally liable to the United States for response costs regarding the Site.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff the United States respectfully requests that this Court: (i) enter judgment in favor of the United States under section 107(a) of CERCLA, 42 U.S.C. § 9607(a), holding each defendant jointly and severally liable for all response costs regarding the Site, including interest; (ii) enter a declaratory judgment that will be binding in any subsequent action for further response costs, pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2); (iii) award the United States its costs of this action; and (iv) grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

**FOR THE UNITED STATES**:

Adam R.F. Gustafson
Acting Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

**MARK GALLAGHER**
Digitally signed by MARK GALLAGHER
Date: 2025.07.10 13:13:30 -04'00'

Mark A. Gallagher, Senior Lawyer
U.S. Department of Justice
Environmental and Natural Resources Division
Environmental Enforcement Section
Washington, DC  20044-7611
(202) 514-5405
mark.gallagher@usdoj.gov

John A. Sarcone III
United States Attorney
Northern District of New York

*/s/ John D. Hoggan, Jr.*
John D. Hoggan, Jr.
Assistant United States Attorney
Northern District of New York
445 Broadway, Room 218
Albany, New York 12207

Of Counsel:

James Doyle, Team Leader
Sarena Malsin, Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 2
290 Broadway
New York, New York  10007